**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                         Plaintiff,

   - v -                                     Civ. No. 1:24-CV-95
                                                          (LEK/DJS)
THOMAS K. LAGAN,

                        Defendant,

       and

METLIFE, INC.,

                        Garnishee.

**APPEARANCES:**                               **OF COUNSEL:**

CARLA B. FREEDMAN, ESQ.         MELISSA O. ROTHBART, ESQ.
UNITED STATES ATTORNEY          Assistant United States Attorney
Attorney for Plaintiff
100 S. Clinton Street
Syracuse, New York 13261

THOMAS K. LAGAN
Defendant Pro Se
23R1640
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, New York 12953

METLIFE, INC.
200 Park Avenue
New York, New York 10166

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER[1]

## I. INTRODUCTION

In August 2019, Defendant Thomas Lagan pled guilty to one count of conspiracy to launder money and one count of filing a false tax return. *United States v. Lagan*, 1:18-CR-283 (N.D.N.Y.) ("Crim. Dkt."), Dkt. Nos. 29 & 30. He was sentenced in December 2019 to a term of imprisonment of 78 months and ordered to pay restitution. Crim. Dkt. No. 58. The final judgment in this case directed that restitution be made in the amount of $6,271,058.00. Crim. Dkt. No. 132 at p. 6. Plaintiff has made certain restitution payments, but has an outstanding balance of over four million dollars. Dkt. No. 31-1. In this civil action, the United States seeks to garnish assets of Defendant to satisfy his restitution obligation. Dkt. Nos. 1 & 3.

As relevant here, MetLife, Inc. responded to a writ of garnishment served upon it by advising that it was in the possession of life insurance policy. Dkt. No. 17. On March 18, 2024, Plaintiff filed a letter seeking a final order of garnishment with regard to that policy. Dkt. No. 21. Defendant has now filed an Exemption Claim and Request for Hearing. Dkt. Nos. 30 & 33. For the reasons which follow, the Court recommends that the request for a hearing be denied and the motion for a final garnishment order be granted.

---

[1] This matter was referred to the undersigned for a Report-Recommendation pursuant to L.R. 72.3(f).

## II. DISCUSSION

> [D]espite the fact that the [Federal Debt Collection Procedures Act] provides that a court shall hold a hearing upon a debtor's motion to quash a court's order granting a writ, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation.

*United States v. Ryan*, 2024 WL 618405, at *3 (N.D.N.Y. Feb. 14, 2024) (internal quotations omitted) (citing cases). Here, denial of the request for a hearing is proper on two grounds.

First, Defendant's request did not identify any specific basis for exemption of the property at issue. *See* Dkt. Nos. 30 & 33. Despite using a pre-printed form which specifically delineates the exemptions available under 18 U.S.C. § 3613, Defendant, an attorney by training, Crim. Dkt. No. 53 at p. 6, did not select any of the enumerated grounds for exemption on either of the requests for a hearing he has filed. Dkt. Nos. 30 & 33. He, therefore, has failed to put the United States or this Court on notice of any legal basis for exemption of the life insurance policy at issue from garnishment. Denial of a hearing is proper "where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d)." *United States v. Ryan*, 2024 WL 618405, at *3; *see also United States v. Montijo*, 2021 WL 2470507, at *4 (S.D.N.Y. May 19, 2021).

Second, Defendant has failed to allege a colorable claim that his property is exempt from garnishment. The only property which the Government presently seeks to garnish

3

is a life insurance policy. Dkt. No. 31 at p. 2. "Life insurance policies are omitted from the list of exempt property under § 3613(a)." *United States v. Burt*, 2010 WL 3475954, at *2 (E.D. Mich. Mar. 22, 2010), *report and recommendation adopted*, 2010 WL 3475909 (E.D. Mich. Sept. 2, 2010). Indeed, "courts routinely hold that neither the cash value of a life insurance policy nor the contents of a securities account constitute exempt property under any exemption listed in section 3613(a)(1)." *United States v. Greene*, 2016 WL 3526054, at *4 (M.D.N.C. June 3, 2016), *report and recommendation adopted*, 2016 WL 3527705 (M.D.N.C. June 23, 2016); *see also United States v. Gutman*, 2017 WL 1958937, at *2 (N.D.N.Y. Apr. 13, 2017), *report and recommendation adopted*, 2017 WL 1961630 (N.D.N.Y. May 10, 2017). Because "[n]one of these exemptions includes a life insurance policy, . . . a restitution judgment may be enforced against a life insurance policy." *United States v. Castanon*, 2012 WL 1432554, at *2 (D.N.J. Apr. 24, 2012).

For these reasons, Defendant's request for a hearing should be denied.

## II.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the requests for a hearing (Dkt. Nos. 30 & 33) be **DENIED**; and it is further

**RECOMMENDED**, that Plaintiff's request for a final order of garnishment be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 1, 2024
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).