UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  Plaintiff,

    -against-                                    1:24-CV-95 (LEK/DJS)

THOMAS K. LAGAN,

                  Defendant.

## MEMORANDUM-DECISION AND ORDER

## I.     INTRODUCTION

On August 7, 2019, Defendant Thomas K. Lagan pled guilty before this Court to one count of conspiracy to launder money and one count of filing a false tax return. See United States v. Lagan, 18-CR-283 (N.D.N.Y.) ("Criminal Docket"), Dkt. Nos. 29, 30. On February 10, 2023, this Court entered a final judgment, requiring, *inter alia*, restitution in the amount of $6,271,058.00. Crim. Dkt. No. 132 ("Final Judgment") at 6. To obtain partial payment of the restitution, the Government filed a letter motion in this action seeking a final order of garnishment with respect to a life insurance policy held by Defendant. Dkt. No. 21 ("Letter Motion"). Defendant subsequently filed a challenge to the Letter Motion, Dkt. No. 23, and filed two seemingly identical exemption claims and requests for hearings, Dkt. Nos. 30, 33 (collectively, "Exemption Claim").

On May 1, 2024, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a report and recommendation recommending that the request for a hearing be denied and that the Government's Letter Motion be granted. Dkt. No. 34 ("Report and Recommendation").

Defendant has filed objections, Dkt. No. 35 ("Objection"), and the Government has filed a

response, Dkt. No. 36.

For the reasons that follow, the Report and Recommendation is adopted in its entirety.

## II.   BACKGROUND

The Court assumes familiarity with the procedural and factual background in this case as

detailed in Judge Stewart's Report and Recommendation. See R. &. R. at 2.

## III.   LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section

636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v.

Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636;

Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the

Local Rules. See L.R. 72.1. As 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the
> Magistrate Judge's report and recommendation], any party may
> serve and file written objections to such proposed findings and
> recommendations as provided by rules of court. A judge of the court
> shall make a de novo determination of those portions of the report
> or specified proposed findings or recommendations to which
> objection is made. A judge of the court may accept, reject, or
> modify, in whole or in part, the findings of recommendations made
> by the magistrate judge. The judge may also receive further
> evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de

novo review, that "*de novo* determination does not require the Court to conduct a new hearing;

rather, it mandates that the Court give fresh consideration to those issues to which specific

objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406 (emphasis in original).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). "The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## IV.   DISCUSSION

Defendant does not appear to make specific objections regarding the Report and Recommendation. First, Defendant suggests that there are alternative means to pay the cash value of the life insurance policy; for example, Defendant states that his family would consider paying the value of the policy out-of-pocket. See Obj. at 1–2. Second, Defendant states that he did not receive a copy of the Final Judgment, and requests that the Government explain how the $6,271,058.00 figure was calculated. See id. at 2. Third, Defendant argues that the Government failed to provide accurate accounting of Defendant's restitution payment history, and requests

that the Government "forward some additional financial records" to Defendant. Id. at 3.

According to Defendant, the Federal Bureau of Investigation "took a great deal of files from

[Defendant's] home" relating to his payment history; Defendant asks the Court to order the

Bureau to return those files. Id. at 3.

     None of these objections address the issues presented in the Report and

Recommendation. Compare R. & R. at 3–4, with Obj. at 1–4. In fact, the Objection does not

appear to make any reference to the Report and Recommendation. Instead, Defendant's

Objection appears to be a list of requests aimed at the Government and this Court. Given that

Plaintiff has not made any specific objections, the Court reviews the Report and

Recommendation for clear error. See United States v. Jenkins, No. 15-CV-18, 2015 WL

5023731, at *3 (N.D.N.Y. Aug. 25, 2015) (reviewing a garnishment-related report and

recommendation for clear error where a defendant failed to "set forth any *specific* objection to a

portion of" the report and recommendation).

     The Court finds no clear error in the Report and Recommendation. Under the Mandatory

Victims Restitution Act ("MVRA"), "a restitution judgment 'may be enforced against all

property or rights to property of [the defendant].'" United States v. Belfort, 340 F. Supp. 2d 265,

270 (E.D.N.Y. 2018) (citing 18 U.S.C. § 3613(a)). While Section 3613 enumerates certain

property that cannot be garnished for restitution, Judge Stewart correctly observed that

Defendant's Exemption Claim did not set forth "any specific basis for exemption of the property

at issue." R. & R. at 3; see also Exemption Cl. at 1–3. Judge Stewart was also correct that

"Defendant has failed to allege a colorable claim that his property is exempt from garnishment,"

noting that "courts routinely hold that neither the cash value of a life insurance policy nor the

contents of a securities account constitute exempt property under any exemption listed in section

4

3613(a)(1)." R. & R. at 3–4 (quoting <u>United States v. Greene</u>, No. 15-CR-133-1, 2016 WL 3526054, at *4 (M.D.N.C. June 3, 2016), <u>report and recommendation adopted,</u> No. 15-CR-133-1, 2016 WL 3527705 (M.D.N.C. June 23, 2016), and <u>subsequently aff'd,</u> 671 F. App'x 165 (4th Cir. 2016)); <u>see also</u> <u>United States v. Gutman</u>, No. 17-CV-134, 2017 WL 1958937, at *2 (N.D.N.Y. Apr. 13, 2017) (recommending denial of a defendant's request for an evidentiary hearing and grant of request for writ of garnishment of defendant's life insurance policy), <u>report and recommendation adopted</u>, No. 17-CV-134, 2017 WL 1961630 (N.D.N.Y. May 10, 2017) . The Court therefore adopts the Report and Recommendation in its entirety.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 34, is **ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's requests for a hearing, Dkt. Nos. 30, 33, are **DENIED**; and it is further

**ORDERED**, that the Government's Letter Motion, Dkt. No. 21, is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      June 11, 2024
            Albany, New York

LAWRENCE E. KAHN
United States District Judge