UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

                            Plaintiff,

-against-                                                 1:24-CV-95 (LEK/DJS)

THOMAS K. LAGAN,

                            Defendant,
and

GOLDMAN SACHS EMPLOYEES'
PENSION PLAN,

                            Garnishee.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On August 7, 2019, Defendant Thomas K. Lagan pled guilty to one count of conspiracy to launder money and one count of filing a false tax return. *See United States v. Lagan*, 18-CR-283 (N.D.N.Y. 2019) ("Crim. Dkt."), Crim. Dkt. Nos. 29, 30. On December 12, 2019, Defendant was sentenced to a term of imprisonment of 78 months and ordered to pay restitution. Crim. Dkt. No. 58. An amended judgment was filed which detailed that the final restitution amount would be $6,271,058.00. Crim Dkt. No. 132 at 6. On April 2, 2025, a writ of continuing garnishment was issued to Goldman Sachs Employees' Pension Plan. Dkt. No. 59. Soon after, Defendant filed an Exemption Claim and a Request for Hearing. Dkt. No. 63 ("Motion"). On May 9, 2025, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(f), recommending the Motion be denied. Dkt. No. 68 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation.[1] For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II. BACKGROUND

In his analysis, Judge Stewart recommended denying Defendant's Motion for two reasons. First, "Defendant's request did not identify one of the enumerated basis for exemption of the property at issue." R. & R. at 3. Judge Stewart explained that "[d]espite using a pre-printed form which specifically delineates the exemptions available under 18 U.S.C. § 3613 and having had a prior request for a hearing denied on this basis," Defendant nevertheless "failed to select one of those grounds for seeking an exemption." *Id.* Second, Judge Stewart determined that Defendant "failed to allege a colorable claim that his property is exempt from garnishment." *Id.* He notes that "[t]he only property which the Government presently seeks to garnish are pension plan benefits," and "the plan at issue here . . . is not one of the exempt plan types." *Id.*

Judge Stewart thus recommended that the Motion be denied. *Id.* at 4.

## III. LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to

---

[1] On May 12, 2025, Defendant filed a letter with the Court. Dkt. No. 69. The Court understands this letter to be an objection to the answers to the writs of garnishment, and not an objection to the Report and Recommendation. *See* Dkt. Nos. 64, 67.

which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.  DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 68, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's motion requesting a hearing, Dkt. No. 63, is **DENIED**; and it is further

**ORDERED**, within 30 days the government shall submit to the Court a proposed final order of continuing garnishment; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    December 17, 2025
          Albany, New York

LAWRENCE E. KAHN
United States District Judge

4